VALDEJULY, PLAINTIFF AND APPELLEE, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO., DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in an Action for Damages.

No. 1646.—Decided July 17, 1917.

DAMAGES—EVIDENCE—PREPONDERANCE—ESTOPPEL—CONTRIBUTORY NEGLIGENCE.—
In this case there was evidence tending to show that the car of the defendant was started negligently and that the plaintiff was thrown from it and received several wounds by the fall. The evidence of the defendant tended to show that the proximate cause of the accident to the plaintiff was due to her weak and swooning condition, as admitted by her before several witnesses. *Held:* That the preponderance of the evidence was in favor of the plaintiff and that she was not estopped by her conduct, nor by her admission made so shortly after the accident, nor did these admissions tend to show contributory negligence.

The facts are stated in the opinion.

*Mr. J. H. Brown* for the appellant.

*Mr. Manuel Benítez Flores* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Action for damages founded on the alleged negligent starting of a car, from which the complainant was alighting. The defense was a general denial with the positive assertion that the fall and consequent damage to the complainant was due to her weak and swooning state, as admitted by her to the agents of the defendant. At the hearing in this court there was an attack also on the credibility of complainant's witnesses.

At the trial one of the main efforts of the defendant was to show that the complainant's fall happened before the car came to a full stop at Stop 15 on the principal *carretera* of San Juan. On this point, if the case were submitted to us on first instance, we should have no hestitation in finding immediately that the strong preponderance of the evidence is in favor of the complainant. At the hearing in this court and in the brief of the appellant one of the eye-witnesses for the complainant was attacked principally because he said he boarded the car at Stop 26 on the *carretera,* where he lived, when the undisputed fact is that a "Park" car, which only turns into the *carretera* at Stop 23, bore the complainant. When months after an event a witness who has the habit of taking a car at a particular spot is mistaken on a special occasion, this mistake might affect the weight of his testimony on other particulars, but it could not affect his credibility, and his mistake, for us, would go a very little way in destroying his statement that he got off the car immediately ahead of the complainant, who followed him. Very frequently, in any city a man will walk towards the spot where a branch line turns into the main line in order to have a greater chance of promptly catching a car. The witness was cross-examined as to other parts of his testimony, but his attention was not especially drawn to this mistake. This was not the sole reason for impugning the witness, but it was

the point most insisted upon. There was a conflict between
his statement and that of another of the complainant's wit-
nesses, and he testified to a sale of newspapers which all the
defendant's witnesses deny. These and other similar matters
are peculiarly for the trial court, and there is nothing in
the testimony to convince us of grave error in such court.
The judge, however, as his opinion shows, more particularly
relied on the statement of Adelaida Tomás, who was standing
at the step waiting to board the car. We are addressing
ourselves specially to the question of whether the accident
happened in starting the car or not. A similar analysis
would apply to any other act of judgment or weighing of
the conflicting statements of witnesses, or the consideration
of the whole proof by the trial court. We find no reason
to doubt the finding in the opinion of the court, that the
moment of the accident was the starting of the car.

On the question of the dizziness or swooning of the com-
plainant, there is more force in defendant's theory. We
think it is possible that at some point before the moment
of striking the earth the complainant became unconscious;
that the way she fell may have been particularly due to diz-
ziness. It is not beyond belief, either, that in talking to the
agents of the defendant she blamed her fall on herself. The
company's agents, from such statements, would naturally be
entirely skeptical of all of complainant's witnesses. And in
this way it is not necessary to doubt any of the statements
of the more responsible witnesses of the defendant. As to
the apparent physical difficulty, testified to by Dr. Glines, of
the fall having happened in the way the witnesses described,
such an incongruity is very frequent in accident trials. This
kind of confusion, disparity, and conflict is for the trier.

There is another possible theory of the case that would
differ slightly from any of those advanced in the record or
at the hearing. There were indications in the testimony that
the complainant arose to get off the car considerably in ad-
vance of reaching Stop 15 and stood behind the motorman.

As she did not give any immediate indication of getting off while passing several stops, and as she allowed several people to pass her at Stop 15, the motorman may have assumed that she did not intend to get off there and perhaps, distracted by newsboys or otherwise, promptly started his car on signal from the conductor when the last passenger had passed. Her decision to get off may have been sudden, but the preponderance of the evidence was that she was getting off immediately behind the other passengers who alighted. Any independent theory of the evidence only shows that it makes very little difference if the court, in its opinion, as plaintiff intimates, showed a theory of the case somewhat inconsistent with the facts as defendant conceives them. Our own independent theory is entitled to less weight than that of the judge who tried the case and who was in the best position to approach the truth or reach it. Absolute verity is almost impossible in a trial, and especially in an accident case. One thing is strikingly certain in the court's opinion and that is that the proximate cause of the accident was due, not to the dizziness of the complainant, but to the improper starting of the car. At the date of the accident passengers were instructed by municipal ordinance to get off at the front of the car, and this heightened the duty placed on the motorman not to start his car until the last person who was descending had alighted. Anyone is subject to an instant decision to follow other passengers. The complainant is not estopped by her conduct, nor by her admission made so shortly after the accident, especially as she was suffering, nor did these admissions tend to show contributory negligence.

We find no error and the judgment must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.